SEP 2 2026 PM12:55 FILED - USDC - BPT - CT

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203)821-3700*
*Fax (203) 773-5376*
*www.justice.gov/usao/ct*

September 2, 2026

Michael Petrik, Jr.
Assistant Federal Defender
Office of the Federal Defender
265 Church Street, Suite 702
New Haven, Connecticut 06510
Email: Michael.Petrik@fd.org

Re: *United States v. Kyle Chambers*
Case No. 3:25-cr-00129 (KAD)

Dear Attorney Petrik:

This letter confirms the plea agreement between your client, Kyle Chambers (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to counts one, two, and six of a six-count indictment charging violation of 18 U.S.C. §§ 933(a)(3), 933(b), and 922(o), as well as 26 U.S.C. §§ 5841, 5845(b), 5845(a)(7), 5861(d), and 5871.

Count One – Firearm Trafficking Conspiracy

The defendant understands that, to be guilty of the offenses charged in count one, violation of 18 U.S.C. § 933(a)(3) and 933(b), the following essential elements must be satisfied:

1. That two or more persons agreed to try to accomplish a common and unlawful plan as charged in the indictment—here, to ship, transport, transfer, and cause to be transported, and otherwise dispose of one or more firearms to another person in and otherwise affecting interstate and foreign commerce, and to do so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony;

2. That the defendant would and did receive from another person a firearm in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony; and

3. That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

Count Two – Unlawful Possession of a Machinegun

The defendant understands that, to be guilty of the offense charged in count two, violation of 18 U.S.C. § 922(o), the following essential elements must be satisfied:

1. The defendant knowingly possessed a machinegun; and

2. The defendant knew or was aware of the essential characteristics of the firearm which made it a machinegun as defined by section 921(a).

Count Six – Possession of an Unregistered Firearm Muffler/Silencer

The defendant understands that, to be guilty of the offense charged in count six, violation of 26 U.S.C. §§ 5841, 5845(b), 5845(a)(7), 5861(d), and 5871, the following essential elements must be satisfied:

1. The defendant knowingly possessed a National Firearms Act firearm (*e.g.*, machine guns, silencers);

2. That the items possessed were firearms defined under 26 U.S.C. § 5845 and 18 U.S.C. § 921;

3. That the defendant knew that the firearms was a machinegun and/or silencer;

4. That the machinegun and/or silencer was or readily could have been put into operating condition; and

5. That the machinegun and/or silencer was not registered to the defendant in the National Firearms Registration and Transfer Record.

**THE PENALTIES**

Imprisonment

Count One carries a maximum penalty of 15 years of imprisonment.
Count Two carries a maximum penalty of 10 years of imprisonment.
Count Six carries a maximum penalty of 10 years of imprisonment.

Supervised Release

In addition, for each of counts one, two, and six, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant for each of counts one and two is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant for count six is (1) the fine amount specified in the offense of conviction, namely, $10,000.00; (2) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States his interest in the property described herein, which include the firearms charged in Counts Two and Six of the Indictment: one Stag 15 tactical rifle bearing serial number S016532; one Wilson combat Sig Sauer P320 9mm handgun bearing serial number 58A064633; one Matrix Aerospace 7.62 caliber rifle, with scope and magazine, bearing serial number 76203819; one Zastay Arms USA 7.62 caliber rifle bearing serial number 270-105844; one Heckler & Koch HK

416 rifle; one rifle with silencer and no serial number; and all silencers, components, parts, and related ammunition seized with these firearms.

The defendant agrees to waive all interests in the firearms and ammunition described above ("the forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset(s) covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds.

The defendant agrees that by virtue of his plea of guilty, he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

<u>Credit Report</u>

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

## THE SENTENCING GUIDELINES

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, and subject to the conditions specified below, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under

§ 3E1.1(a) of the Sentencing Guidelines, based on the defendant's demonstration of acceptance of responsibility for the offense. Moreover, and also subject to the conditions specified below, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's adjusted offense level by one additional level based on both his affirmative acceptance of responsibility as well as his prompt notification of his intention to enter a plea of guilty that permitted the Government to avoid trial preparation. The defendant understands that the Court is not obligated to accept the Government's recommendation under § 3E1.1(a) and that a decrease under § 3E1.1(a) is a prerequisite to a further reduction under § 3E1.1(b).

The Government's recommendation and motion are each conditioned on the defendant's affirmative acceptance of responsibility. If, in the Government's assessment, the defendant engages in any act or omission or takes any litigating position inconsistent with affirmative acceptance of responsibility, the Government is not obligated to (1) recommend a two-point reduction under § 3E1.1(a), or (2) file a third-point motion under § 3E1.1(b) (even if the Court has granted a two-point reduction, and even if the defendant's notification of his intention to enter a plea of guilty permitted the Government to avoid trial preparation).

In assessing whether the defendant has affirmatively accepted responsibility, considerations include (but are not limited to) whether he has: (1) truthfully admitted the conduct constituting the offense(s) of conviction and truthfully admitted (or not falsely denied) any additional relevant conduct for which he is accountable under § 1B1.3 of the Sentencing Guidelines; (2) disclosed to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing his financial condition; (3) engaged in any act indicating that he has not terminated or withdrawn from criminal conduct or associations; (4) engaged in any act that could provide a basis for an adjustment for obstructing or impeding the administration of justice under § 3C1.1 of the Sentencing Guidelines; (5) engaged in any act constituting a violation of any condition of release; or (6) sought to withdraw his guilty plea or taken a position at sentencing not consistent with acceptance of responsibility. The Government expressly reserves the right not to recommend a two-point reduction under § 3E1.1(a) and not to move for a further reduction under § 3E1.1(b)—even if the court has granted a two-point reduction, and even if the defendant's notification of his intention to enter a plea of guilty permitted the Government to avoid trial preparation—based on such considerations or any other ground that, in the Government's assessment, is inconsistent with affirmative acceptance of responsibility.

The defendant understands that he may not withdraw his plea of guilty if, in accordance with the above, the Government does not recommend a reduction under § 3E1.1(a) or move for a further reduction under § 3E1.1(b).

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics

that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2K2.1(a)(4)(B) is 20. That level is increased by four levels based on the number of firearms involved in the offenses under U.S.S.G. § 2K2.1(b)(1), by two levels because the defendant conspired to transfer a machinegun conversion device to another person under U.S.S.G. § 2K2.1(b)(5), and by two levels because the defendant is convicted for violation of 18 U.S.C. § 933(a)(2) and (3) under U.S.S.G. 2K2.1(b)(6)(A), which results in an adjusted offense level of 28. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 25.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category, and corresponding sentencing ranges if this initial assessment proves inaccurate. The government reserves its right to argue that any such re-calculation is not a basis for any downward departure or variance and its right to oppose any request from the defendant for such a departure or variance.

A total offense level of 25, assuming placement in Criminal History Category I, would result in a Guidelines range of 57 to 71 months of imprisonment (sentencing table) and a fine range of $10,000 to $200,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of not more than three years. U.S.S.G. § 5D1.2.

The parties agree not to argue for any sort of modification or adjustment (including an enhancement or reduction) to the Guidelines range set forth above or to suggest that the Probation Department or the Court on its own consider any sort of modification or adjustment (including an enhancement or reduction) to the range.

The Government and the defendant reserve their rights to seek a variance, and both sides reserve their right to object to a, variance or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to

withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Discovery

The defendant acknowledges that the Government may not have yet produced any or all discovery material, including but not limited to discovery under the Jencks Act, 18 U.S.C. § 3500, the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United*

*States*, 405 U.S. 150 (1972), or the Local Rules of Criminal Procedure, Standing Order on Discovery. The attorneys for the Government are not aware of any information that, in their view, would establish the defendant's factual innocence of the crimes to which the defendant is pleading guilty. However, the attorneys for the Government do not warrant that they have reviewed all material in their possession, or that their assessment of the exculpatory nature of information known to them would be the same as that of the defendant or his counsel. Nonetheless, the defendant acknowledges that (1) he has accepted this plea agreement and decided to plead guilty because he is in fact guilty and seeks no further discovery or disclosures of information, and (2) in reaching that decision, he has not relied upon any representations concerning the Government attorneys' assessment of information. On that basis, the defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collateral attack, on the ground that the Government has not produced any discovery material beyond what already has been produced as of the date of this plea agreement. The Government nevertheless will produce, in advance of sentencing, additional material specifically requested by the defendant in connection with any sentencing issue, to the extent that the requested material is in the Government's possession.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but

not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 71 months of imprisonment, three years of supervised release, a $100 special assessment, a $200,000 fine, and forfeiture of all firearms, silencers, firearm components, and ammunition as outlined above, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the

representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in firearms trafficking, which forms the basis of the indictment in this case. As consideration for the plea agreement, the Government has also agreed to forego additional charges under 18 U.S.C. § 842 for the defendant's receipt and possession of explosive materials, namely, the high explosives trinitrotoluene (TNT), cyclotrimethylenetrinitramine (RDX), PETN, as well as a plastic explosive containing numerous high explosive materials. After sentencing, the Government will move to dismiss counts Three, Four, and Five of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Sincerely,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

JP. Stokely
___________________________
JUSTYN P. STOKELY
JOHN T. PIERPOINT, JR.
ASSISTANT UNITED STATES ATTORNEYS

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

___________________________ 9/2/26
Kyle Chambers — Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

___________________________ 9/2/26
Michael Petrik, Jr. — Date
Attorney for the Defendant

**STIPULATION OF OFFENSE CONDUCT [AND RELEVANT CONDUCT]**

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the indictment:

1. Prior to December 31, 2024, the defendant knowingly received firearms from another person on multiple occasions, including but not limited to the following firearms: one Stag 15 tactical rifle bearing serial number S016532; one Wilson combat Sig Sauer P320 9mm handgun bearing serial number 58A064633; one Matrix Aerospace 7.62 caliber rifle, with scope and magazine, bearing serial number 76203819; one Zastay Arms USA 7.62 caliber rifle bearing serial number 270-105844; one Heckler & Koch HK 416 rifle; one rifle with silencer and no serial number; and at least six silencers.

2. On December 31, 2024, the defendant also possessed at least one machinegun and numerous machinegun conversion devices.

3. With respect to the machinegun, the defendant knew or was aware of the characteristics which made the firearm a machinegun.

4. Each of the firearms that the defendant received from another person traveled in, or otherwise affected, interstate commerce.

5. The defendant knew or had reasonable cause to believe that his receipt of the firearms from another person would constitute a felony.

6. On multiple occasions prior to December 31, 2024, the defendant also transferred, shipped, or transported firearms in his possession to at least one other person.

7. The defendant's conduct of transferring, shipping, or transporting firearms to another person was in or otherwise affected interstate commerce.

8. The defendant knew or had reasonable cause to believe that the possession of a firearm by the person(s) to whom the defendant transferred, shipped, or transported the firearms would constitute a felony.

9. The defendant and at least one other person agreed to engage in the transferring and receipt of firearms, and the defendant knew that the purpose of the agreement was to transport and receive firearms.

10. The defendant also knowingly possessed National Firearms Act firearms, including machineguns and silencers, which could have been readily put into operating condition.

11. The machineguns and silencers that the defendant possessed were not registered to the defendant in the National Firearms Registration and Transfer Record.

12. On December 31, 2024, the defendant also possessed several high explosives, including trinitrotoluene (TNT), cyclotrimethylenetrinitramine (RDX), PETN, as well as a plastic explosive containing numerous high explosive materials.

13. On December 31, 2024, the defendant did not have a permit or license to possess the high explosive or plastic explosive materials.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

Kyle Chambers
The Defendant

JUSTYN P. STOKELY
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEYS

Michael Petrik, Jr.
Attorney for the Defendant